UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TOMMY HAMBERLIN                                                                      PLAINTIFF

v.                                                             CIVIL ACTION NO. 3:11-cv-00192-FKB

MARGARET BINGHAM                                                                 DEFENDANT


MEMORANDUM OPINION AND ORDER

Tommy Hamberlin, who is incarcerated and proceeding *pro se*, filed this suit pursuant to 42 U.S.C. § 1983. Hamberlin alleges that he has suffered injury because Defendant Margaret Bingham, the former superintendent of the facility at which he is incarcerated, wrongfully subjected him to second hand tobacco smoke. Defendant Bingham has moved for summary judgment on the basis of immunity (Docket No. 27). Having considered the motion and memorandum in support, the Court concludes that the motion is well-taken and is granted.[1]

*FACTS AND HISTORY*

Hamberlin's Complaint asserts that CMCF (Central Mississippi Correctional Facility), the prison at which he is housed, is not a smoke-free facility. Docket No. 1. Hamberlin alleges that he has asthma and that second-hand tobacco smoke makes it harder for him to breathe. Id. He seeks a transfer to a smoke-free facility and monetary damages. Id. The only defendant Hamberlin named was Margaret Bingham, who was, as noted supra, the Superintendent of CMCF at the time he filed his complaint.

---

[1]The parties consented to magistrate judge jurisdiction. Docket No. 21.

Defendant Bingham contends that, as a state official, she is entitled to Eleventh Amendment immunity for any claims against her in her official capacity and qualified immunity as to claims against her in her individual capacity. Docket No. 28. With respect to her qualified immunity defense, Bingham argues more specifically that Hamberlin has failed to meet the requisite showing to prevail on a second-hand smoke claim in the prison context.

*SUMMARY JUDGMENT STANDARD*

This Court is to grant summary judgment if the pleadings show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." St. Amant v. Benoit, 806 F.2d 1294, 1296-97 (5th Cir.1987). "The requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The Fifth Circuit has consistently held that "[b]are bones allegations are insufficient to withstand summary judgment because the party opposing summary judgment 'must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" Howard v. City of Greenwood, 783 F.2d 1311, 1315 (5th Cir.1986) (quoting Nicholas Acoustics & Specialty Co. v. H & M Constr. Co. Inc., 695 F.2d 839, 845 (5th Cir.1983)).

*DISCUSSION*

With respect to Defendant Bingham's summary judgment motion, it is well-settled that Eleventh Amendment immunity bars damages claims against state officials in their official

capacities.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 67, 71 (1989).[2]  Accordingly, Hamberlin cannot prevail against Bingham in her official capacity and she is entitled to summary judgment as to any claims against her in her official capacity.

The issue, then, is whether Defendant Bingham is entitled to qualified immunity against Hamberlin's claims against her in her individual capacity.  Qualified immunity protects defendants from liability for damages unless their conduct violated clearly established rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Bingham argues that Hamberlin cannot meet the first prong of the above-referenced two-part test to defeat qualified immunity, since there has been no violation of his Eighth Amendment right to be free of cruel and unusual punishment.

The United States Supreme Court set out the applicable standard for environmental tobacco smoke cases in Helling v. McKinney, 509 U.S. 25 (1993).  A plaintiff bringing an ETS claim must establish both an objective factor and a subjective one.  Hamberlin must demonstrate objectively that he was subjected to unreasonably high levels of ETS and demonstrate subjectively that Bingham was deliberately indifferent to his needs.  Id. at 35-37.

In contrast to Hamberlin's general allegation that smoking at CMCF bothered him, Defendant Bingham, in support of her motion, has submitted her own affidavit asserting that inmates and staff at CMCF were only allowed to smoke outside and in designated smoking areas.  Docket No. 27-1.  Inmates received a rules violation report if they were caught smoking outside the designated areas and staff members were disciplined if they were caught violating

---

[2]Since Hamberlin does not seek injunctive relief, the Ex Parte Young doctrine, which permits suits against state officials in their official capacities for prospective and injunctive relief to enforce federal laws, is not applicable.  Ex Parte Young, 209 U.S. 123 (1908).

those smoking rules. Additionally, certain areas were designated for non-smokers. Id. Hamberlin admitted at the Spears hearing[3] in this matter that he had been moved to the non-smoking part of the facility, but claimed that inmates were still smoking. Hamberlin's general allegation, however, is insufficient in light of the evidence presented by Defendant Bingham, to which Hamberlin has failed to respond in any manner, to preclude summary judgment in Defendant Bingham's favor.

Even if Hamberlin's naked assertion that he was exposed to smoke at a level that caused him breathing problems was enough to establish the objective factor, Hamberlin has not pointed to any evidence to indicate that Defendant Bingham was deliberately indifferent to his situation. In fact, Hamberlin testified that after he complained about smoke, Defendant Bingham had him moved to the smoke-free part of the facility. There has been no evidence presented that Defendant Bingham was even aware of Hamberlin's allegation that smoking continued after he was moved.

## *CONCLUSION*

Based on the foregoing, Defendant's Motion for Summary Judgment is granted and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED, this the 3rd day of July, 2012.

                                                    s/ F. Keith Ball
                                                    UNITED STATES MAGISTRATE JUDGE

---

[3]See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).